TRIAL—INSTRUCTIONS.
    An instruction which has no bearing on the case is properly refused, though it embodies a correct proposition of law.

Appeal from trial term.

Action by John Reilly against the Third Avenue Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS and McCARTHY, JJ.

Hoadly, Lauterbach & Johnson, for appellant.
C. S. Carothers, for respondent.

McCARTHY, J. The questions of fact were properly submitted to the jury, and the charge of the trial justice on the law was clear, and, if anything, too favorable to the defendant. There is no rule requiring the trial justice to charge every request asked for by counsel on a given subject of the law. The court is bound only to charge such propositions as are applicable to the facts in the case before it, and therefore has a right to refuse to charge a correct proposition of law when it has no bearing on the case. We do not find any substantial error, and the judgment must be affirmed, with costs.

(14 Misc. Rep. 442.)

SHANLEY v. UNION R. CO. OF NEW YORK CITY.

(City Court of New York, General Term. November 26, 1895.)

STREET RAILROADS—COLLISION WITH CAR—CONTRIBUTORY NEGLIGENCE.
    It is not contributory negligence, as a matter of law, for the driver of a vehicle which is within 10 feet of a street-railway track to attempt to cross the same on a dogtrot, the nearest car being 200 feet away.

Appeal from trial term.

Action by Henry Shanley against the Union Railroad Company of New York City to recover damages for personal injuries. The complaint was dismissed. Plaintiff appeals. Reversed.

Argued before FITZSIMONS, McCARTHY, and CONLAN, JJ.

M. P. O'Connor, for appellant.
Hoadly, Lauterbach & Johnston, for respondent.

FITZSIMONS, J. This is an action for damages for the alleged negligence of the defendant. The trial judge dismissed the complaint because of the plaintiff's contributory negligence and the defendant's freedom from negligence. The examination of the evidence shows that plaintiff and three other persons were driving

down town along the Southern Boulevard in this city; that while driving across Boston avenue, along which defendant's cars run, and when the horse's head was about 10 feet away from the westerly rail of the south-bound track, they saw one of the defendant's cars going north, and about 200 yards away from them, towards the south; that they continued on, the horse being on a dogtrot, and, when their horse and part of the wagon had crossed over the north-bound track, the rear wheel of the wagon was struck by said north-bound car, and plaintiff was thrown out of the wagon and injured. This state of facts was sworn to by several witnesses.

The plaintiff certainly had a right to cross the defendant's tracks, and defendant had a right to use its tracks for ordinary street-car uses. Both were required to exercise their respective rights in a careful and prudent manner, and whether or not they were doing so in this instance, it seems to me, after reading the appeal record, was a question for the jury to determine. To say, as a matter of law, that the driver of a vehicle, who is within, say, 5 yards of a street-railroad track in this city, is guilty of contributory negligence in attempting to cross the same, because the nearest car to him is 600 feet away, is carrying that doctrine of the law too far. I can find no precedent which justifies such conclusion. The facts and circumstances of a particular case might justify a jury in so holding, but I think it error to so hold as a matter of law. I therefore think it was error to dismiss the complaint upon the ground of plaintiff's alleged contributory negligence. As to defendant's negligence, it also seems to me that that question should have been submitted to the jury, and it was error to refuse to do so.

The judgment must be reversed. A new trial is ordered, with costs to the appellant, to abide the event of the action. All concur.